McIlvaine, J.
The judgment below must be reversed. The admission of the mayor’s record of former convictions-of the defendant below for violations of the city ordinance was clearly erroneous. If it be claimed by the state that-this record contradicted the testimony of the defendant below, it is enough to say, that the state was concluded by the-answer of the defendant to the question, “ How many times-have you been arrested ?” Although, on cross-examination, such question is admissible, an answer thereto can not be-enforced, and, if it be voluntarily given, the state is bound by the answer.
We suppose, however (being without a brief for the state), that this testimony was offered and admitted, in the court below, under a false construction of section 139 of the criminal code (66 Ohio L. 308), which provides that “ no person shall be disqualified as a witness in any criminal prosecution by reason of bis interest in the event of the same, as a party or otherwise, or by reason of his conviction of any crime; but such interest or conviction may be shown for the purpose of affecting his credibility.” The conviction referred to in this section, which may be shown for the purpose of affecting credibility, is such, and such only, ¿is before the enactment of the section would have-disqualified the person from testifying as a -witness.- Convictions for violations of city ordinances never disqualified a person from testifying in any cause, and, therefore, such convictions can not be shown under favor of this section for the purpose of affecting the credibility of the witness.
For error in admitting this testimony the judgment must-be reversed.
To the admission of the testimony tending to prove the defendant guilty of other assaults, no exception was saved; but, as the cause is remanded for a new trial, we-think it proper to say, that, upon the trial of a person charged with an assault with intent to rob, it is not competent for the state, in aid of the prosecution, to prove other assaults committed by the defendant, whether with or without like intent. In so far as the testimony admitted *103 tended to show that the defendant was in the vicinity at the-time the offense charged in the indictment was committed, it was clearly admissible; but, in so far as it tended simply to show an attack of like character committed by him upon another person, and at another time and place, it was clearly inadmissible.
Judgment reversed, and cause remanded for a new trial.